UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB RUBINSTEIN, ET AL.,

        Petitioners,

v.

CASE NO. 23-12685
HON. MARK A. GOLDSMITH

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER OF PARTIAL DISMISSAL, AMENDING CAPTION, AND DIRECTING REMAINING PETITIONER TO CORRECT DEFICIENCY**

**I.    INTRODUCTION**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2241. Federal prisoners Jacob Rubinstein, Jeffrey Armstrong, Thomas Bauer, Douglas Buttikofer, Kevin Davis, Marcus Gardner, Trevor Hansen, Kerry Kennedy, Robert Long, Martin McKeever, Wesley Muchow, Michael Rees, Jay Sebben, Mazkoor Shariff, Benjamin Stern, Joshua Sullivan, Terry Warejko, Patrick Wazny, and Martin Huizar ("petitioners"), currently confined at the Federal Correctional Institution in Milan, Michigan, challenge the execution of their federal sentences. (Dkt. 1). They have not paid the filing fee for this action, nor have they submitted applications to proceed in forma pauperis.

As explained below, the Court concludes that the petitioners, other than the first-named petitioner, should be dismissed without prejudice from this case. The Court also amends the case caption and directs the remaining petitioner to correct the filing fee deficiency.

## II.   ANALYSIS

The petitioners seek habeas relief under 28 U.S.C. § 2241 challenging their eligibility to receive sentencing credits under the First Step Act, 18 U.S.C. § 3632. Specifically, they allege that the statutory exclusion for child pornography offenders, 18 U.S.C. § 3632(d)(4)(D)(xli) and (xlii), violates their due process and equal protection rights. Petition at PageID.6–7 (Dkt. 1). They ask the Court to strike down those provisions of the First Step Act and order the Bureau of Prisons ("BOP") to retroactively award and apply First Step Act sentencing credits to each of their respective sentences. Id. at PageID.8.

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966). Federal Rule of Civil Procedure 20(a)(1) provides: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

It is generally improper, however, for two or more prisoners to file a joint habeas petition in which they seek relief from different convictions, sentences, or other forms of detention. See Norton v. Parke, 892 F.2d 476, 478 (6th Cir. 1989); Rouse v. Michigan, No. 2:17-CV-12276, 2017 WL 3394753, *1 (E.D. Mich. Aug. 8, 2017) (citing cases and dismissing joint habeas petition); accord Borzych v. Bertrand, 974 F. Supp. 1220, 1222 (E.D. Wis. 1997) ("Petitions for a writ of habeas corpus are by nature an individual action."); U.S. ex rel. Bowe v. Skeen, 107 F. Supp. 879, 881 (N.D. W. Va. 1952) (several applicants may not join in a single habeas petition). A joint

2

habeas petition is improper because a habeas petitioner does not have a cognizable interest in the illegal restraint of another petitioner. In re Kosopud, 272 F. 330, 332 (N.D. Ohio 1920).

Additionally, district courts have inherent powers "to achieve the orderly and expeditious disposition of cases." Dietz v. Bouldin, 579 U.S. 40, 45 (2016) (citing cases). Notwithstanding Rule 20(a), there are significant practical problems with allowing several prisoners to file a joint habeas petition. As another judge in this district has noted in the civil rights context, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." Proctor v. Applegate, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (Borman, J.) (citing Boretsky v. Corzine, 2008 WL 2512916, *5 (D. N.J. June 23, 2008)); see also Simons v. Palmer, No. 2:23-CV-10654, 2023 WL 3026694, *1 (E.D. Mich. Apr. 20, 2023) (citing Proctor and dismissing multi-plaintiff prisoner civil rights case).

Such problems include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." Proctor, 661 F. Supp. 2d at 780 (quoting Boretsky, 2008 WL 2512916). Moreover, allowing multiple prisoners to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all pro se plaintiffs." Id. (citing Ghashiyah v. Frank, 2008 WL 680203, *1 (E.D. Wis. March 10, 2008). A prisoner cannot sign a pleading on behalf of another prisoner in a federal court proceeding, see Valiant-Bey v. Morris, 620 F. Supp. 903, 904 (E.D. Mo. 1985) (unlicensed jailhouse lawyer who claimed to be fellow prisoner's "counselor" could not sign documents on behalf of fellow prisoner), and it is well-settled that a prisoner proceeding pro se is

3

inadequate to represent the interests of fellow inmates in a joint or class action. See Heard v. Caruso, 351 F. App'x 1, 15 (6th Cir. 2009); Ziegler v. Michigan, 90 F. App'x 808, 810 (6th Cir. 2004); Rouse, 2017 WL 3394753 at *1. Multi-plaintiff prisoner cases can lead to pleadings being filed on behalf of the other plaintiffs without their consent. Proctor, 661 F. Supp. 2d at 780.

An additional problem with multi-plaintiff prisoner litigation is that "jail populations are notably transitory, making joint litigation difficult." Id. (quoting Boretsky, 2008 WL 2512916); see also White v. Tennessee Bd. of Probation and Paroles, No. 2007 WL 1309402 (W.D. Tenn. May 3, 2007) ("it is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). Courts have also noted the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies" as a reason for disfavoring multi-plaintiff prisoner litigation. Proctor, 661 F. Supp. 2d at 780 (citing cases). Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." Id. (quoting Boretsky, 2008 WL 2512916 at *6).

Such concerns are present in this case. Although there are common questions of law concerning the constitutionality of the First Step Act, different legal and factual issues may arise, such as the exhaustion of administrative remedies, the reason(s) each petitioner may or may not be eligible for sentencing credits under the First Step Act or other provisions of federal law, and the computation of each petitioner's individual sentence. More importantly, the petitioners are unrepresented by counsel and would be required to sign every pleading individually. The petitioners were also convicted in multiple districts throughout the country and could be transferred at any time. The Court thus concludes that the efficient administration of this case would be

4

hampered by the joinder of 19 federal prisoners as petitioners in one habeas action. See Pinson v. Blanckensee, 834 F. App'x 427, 428 (9th Cir. 2021) (affirming district court's decision that prisoners joint 2241 petition would not be administratively feasible); see also Thomas v. Doll, No. 4:20-CV-1647, 2020 WL 8084960, *1 (M.D. Pa. Dec. 21, 2020), report and recommendation adopted, No. 4:20-CV-01647, 2021 WL 84350 (M.D. Pa. Jan. 11, 2021) (docketing multi-prisoner petitions individually per standing court order).

The misjoinder of parties and/or claims is not generally sufficient to dismiss an action in its entirety, but the Court has the authority to sua sponte dismiss mis-joined parties and/or claims from an action. See Fed. R. Civ. P. 21; Proctor, 661 F. Supp. 2d at 781 (citing rule). Specifically, Federal Rule of Civil Procedure 21 provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21; see also Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 572-573 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time....'"); Safeco Ins. Co. of Am. v. City of White House, Tenn., 36 F.3d 540, 545, n. 1 (6th Cir. 1994) (quoting Rule 21); Ewing v. Wayne Cnty. Sheriff, No. 2:22-CV-11453, 2023 WL 3168665, *2 (E.D. Mich. April 26, 2023) (citing Safeco and sua sponte dismissing mis-joined defendants and claims); White v. Michigan Dep't of Corr., No. 2:23-CV-10592, 2023 WL 4238473, *2 (E.D. Mich. June 28, 2023) (stating that Rule 21 provides the court with "authority to sua sponte dismiss or sever parties and claims in a civil action due to misjoinder"); Jones v. Bauman, No. 2:18-CV-181, 2018 WL 6264831, *1 (W.D. Mich. Nov. 30, 2018) (same); Prince v. Elum, No. 12-15526 (E.D. Mich. Jan. 14, 2013) (sua sponte severing and dismissing claims without prejudice under Rule 21 in prisoner civil rights case).

Accordingly, the Court concludes that the petitioners, other than the first-named petitioner, Jacob Rubinstein, are not proper parties in this federal habeas action and that they, and their respective claims, should be dismissed without prejudice from this case based upon misjoinder.

### III.   CONCLUSION

For the reasons stated, the Court dismisses without prejudice the petitioners, other that the first-named petitioner, Jacob Rubinstein from this case.  This dismissal is without prejudice to those prisoners filing their own individual habeas petitions challenging the execution of their federal sentences.

Given this determination, and the fact that the proper respondent in a habeas case brought pursuant to 28 U.S.C. 2241 is the person having custody of the petitioner, see 28 U.S.C. § 2243; see also Rule 2, Rules Governing Section 2254 Cases, the Court orders that the case caption be amended to read "Jacob Rubinstein v. Eric Rardin."

Lastly, because the petitioners did not pay the required $5.00 filing fee for this habeas action, the Court orders the remaining petitioner, Jacob Rubinstein, to either pay the filing fee or submit a properly completed in forma pauperis application within 21 days of the filing date of this order.   If he does not do so, this case will be dismissed.

It is so ordered.

    s/Mark A. Goldsmith
    MARK A. GOLDSMITH
    United States District Judge

Dated:   January 3, 2024

6

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 3, 2024.

                                                s/Kelly Winslow
                                                Case Manager