UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB RUBINSTEIN,

        Petitioner,                               CASE NO. 23-cv-12685

v.                                                 HON. MARK A. GOLDSMITH

ERIC RARDIN,

        Respondent.
_____

## OPINION AND ORDER DENYING AND DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2241. Federal prisoner Jacob Rubinstein (Petitioner), confined at the Federal Correctional Institution in Milan, Michigan, has filed a petition for a writ of habeas corpus challenging a determination by the Federal Bureau of Prisons (BOP) that he is ineligible to receive federal sentencing credits under the First Step Act (FSA) (Pet., Dkt. 1). Respondent has filed an answer to the habeas petition contending that it must be denied (Dkt. 10).

### I.    ANALYSIS

Petitioner pleaded guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) in the United States District Court for the District of Maryland and was sentenced to 84 months in prison with 300 months of supervised release in 2022. See United States v. Rubinstein, No. 1:21-cr-00329 (D. Md. Aug. 4, 2022) (Judgment, Dkt. 34). He has a current projected release date of September 15, 2027. See BOP Inmate Locater, https://www.bop.gov/inmateloc/ (accessed Oct. 6, 2025).

In his pleadings, Petitioner challenges the BOP's determination that he is ineligible to

receive credit toward his federal sentence under the FSA (Dkt. 1). The BOP found him statutorily ineligible to receive FSA credits due to his offense of conviction (Dkt. 1, PageID.55). Petitioner contests that decision asserting that the FSA creates a liberty interest in the "duration of imprisonment" for federal prisoners such that the statutory exclusion for child pornography offenders violates his due process and equal protection rights (Dkt. 1, PageID.6-7). Respondent contends that those claims lack merit and do not warrant habeas relief (Dkt. 10).

Under the FSA, federal prisoners who successfully participate in recidivism-reduction programs are entitled to receive credit toward early release or pre-release custody. See 18 U.S.C. §§ 3624(g), 3632(d)(4). Certain categories of prisoners, however, are categorically ineligible to receive those credits due to their offense of conviction. See 18 U.S.C. § 3632(d)(4)(D). As relevant to this case, a prisoner is ineligible to receive such credits if he or she is "serving a sentence for a conviction under … [18 U.S.C. §] 2252A, relating to certain activities involving material constituting or containing child pornography." 18 U.S.C. § 3632(d)(4)(D)(xlii). Petitioner was convicted of distribution of child pornography in violation of 18 U.S.C. § 2252(A)(a)(2) & (b)(1). Thus, under the clear language of 18 U.S.C. § 3632(d)(4)(D)(xlii), he is ineligible to receive FSA sentencing credits. Petitioner fails to establish that the BOP's determination is erroneous.

Petitioner asserts that he has a liberty interest in receiving sentencing credits under the FSA. It is well-settled that a convicted prisoner does not have a liberty interest in early release from a validly-imposed sentence. Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979). A federal prisoner also does not have a federal constitutional right to earn or receive sentencing credits. See Moore v. Hofbauer, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing Hansard v. Barrett, 980 F.2d 1059, 1062 (6th Cir. 1992)). Nor does a federal prisoner have

2

a constitutionally protected liberty interest in earning future sentencing credits. Sotherland v. Myers, 41 F. App'x 752, 753 (6th Cir. 2002).

A federal statute creates a protected liberty interest only when it contains mandatory language creating an "expectancy of release." Greenholtz, 442 U.S. at 12. Federal courts that have considered the issue "have routinely found that a federal inmate does not have a liberty interest in receiving credits under the First Step Act." Sedlacek v. Rardin, No. 2:23-CV-11899, 2024 WL 965607, *2 (E.D. Mich. Mar. 5, 2024) (discussing and citing cases); see also Fontenez v. Rardin, No. 2:23-CV-12415, 2024 WL 1776338, *3 (E.D. Mich. Apr. 24, 2024) (same), aff'd, No. 24-1421, 2025 WL 1383403 (6th Cir. Jan. 28, 2025). In Sedlacek, another federal judge in this district specifically ruled that § 3632(d)(4)(D)(xli)'s exclusion of a federal prisoner from FSA eligibility based upon his conviction for activity relating to material involving the sexual exploitation of minors did not violate due process. Sedlacek, 2024 WL 965607 at *3.

This Court agrees with those lines of cases. Petitioner does not have a constitutionally-protected or statutorily-protected liberty interest in receiving FSA sentencing credits. Consequently, his categorical exclusion from receiving FSA credits based upon his conviction for the distribution of child pornography does not implicate due process protections. Petitioner fails to establish that the BOP's determination that he is ineligible to receive FSA credits violates his due process rights.

Petitioner also asserts that 18 U.S.C. § 3632(d)(4)(D)(xlii)'s categorical exclusion of prisoners convicted of distributing child pornography from being eligible to receive FSA credits violates his equal protection rights. "Although the Fourteenth Amendment applies on its face only to the states, the Due Process Clause of the Fifth Amendment imposes equal protection

3

constraints on the federal government." United States v. Green, 654 F.3d 637, 650-651 (6th Cir. 2011) (citing Bolling v. Sharpe, 347 U.S. 497, 498-499 (1954)). Equal protection claims under both Amendments are evaluated in the same manner. Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 379 (6th Cir. 2011) (citing United States v. Angel, 355 F.3d 462, 471 (6th Cir. 2004)). The right to equal protection requires that similarly-situated people be treated alike. In general, classifications based on "race, alienage ... national origin ... [or] gender ... call for a heightened standard of review." Id. at 440. Absent one of those suspect classifications, "[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." Id.

Prisoners are not a suspect class for equal protection purposes. Jackson v. Jamrog, 411 F.3d 615, 619 (6th Cir. 2005). The rational basis test thus applies to determine whether the BOP's determination that Petitioner is ineligible to receive FSA credits violates his equal protection rights. See Fontanez, 2024 WL 1776338 at *4 (citing case). "Under rational-basis review, a law will survive constitutional scrutiny so long as the existence of a rational connection to its aim 'is at least debatable.'" Tiwari v. Friedlander, 26 F.4th 355, 369 (6th Cir. 2022) (quoting W. & S. Life Ins. Co. v. State Bd. of Equalization of Calif., 451 U.S. 648, 674 (1981)); see also United States v. Dunham, 295 F.3d 605, 610-611 (6th Cir. 2002) (a "reasonable justification" is sufficient to establish a rational basis for a statutory distinction).

A similar equal protection claim brought by a prisoner convicted of possession of child pornography, who challenged his FSA exclusion under 18 U.S.C. § 3632(d)(4)(D)(xli), was rejected on the following basis:

> Here, there is a clear rational basis for treating persons who have been convicted of the excluded offenses differently than persons who have been convicted of other

4

offenses. The excluded offenses—including the offense of which the defendant was convicted—are some of the most serious crimes punishable under federal law. See, e.g., 18 U.S.C. § 3632(d)(4)(D)(xi) (relating to chemical weapons), (xx) (relating to threats against the President), (xxiv) (relating to genocide), (xxxii) (relating to terrorist attacks). The exclusion of this and other offenses from earning additional good time credit is, effectively, a legislative judgment to punish these crimes more severely than others. It is axiomatic that "[t]here is ... a rational basis for treating the sentence of different types of crimes differently." Tyson v. Baldwin, No. 19cv648, 2020 WL 469663, at * 2 (S.D. Ill. Jan. 29, 2020). In the case of production of child pornography, that legislative judgment could be based on a number of grounds—the particular obscenity of the offense, the need to protect society, and the need to deter future criminal conduct, among others—any one of which could supply the necessary rational basis. Thus, the defendant's equal protection claim fails.

United States v. Powell, No. 2:11-CR-205, 2023 WL 5489030, * 5 (E.D. Va. Aug. 24, 2023). District courts within the Sixth Circuit have similarly ruled that the FSA's statutory exclusions for certain offenses do not violate equal protection. See Fontanez, 2024 WL 1776338 at *5-6; Sedlacek, 2024 WL 965607 at *4; Martinez-Palacios v. Garza, No. 4:23-CV-42, 2023 WL 6540947, *2, n. 1 (N.D. Ohio Oct. 6, 2023). This Court agrees. Petitioner's conviction for the distribution of child pornography provides a rational basis for his sentencing credit exclusion. Petitioner fails to establish the BOP's determination that he is ineligible to receive FSA credits violates his equal protection rights. Habeas relief is not warranted.

## II. CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court denies and dismisses with prejudice the petition for a writ of habeas corpus.

A certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the United States Court of Appeals

for the Sixth Circuit should he seek to appeal this decision.

**SO ORDERED.**

Dated: November 13, 2025          s/Mark A. Goldsmith  
Detroit, Michigan                 MARK A. GOLDSMITH  
                                       United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2025.

                                                   s/Joseph Heacox  
                                                   JOSEPH HEACOX  
                                                   Case Manager